JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:25-cv-02749-SSS-SSCx | Date | November 20, 2025 |
|---|---|---|---|
| Title | *Fernando Gastelum v. J.K.B. Brothers Inc.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) ORDER DISMISSING ACTION**

On October 16, 2025, Plaintiff Fernando Gastelum filed a Complaint. ["Complaint," Dkt. No. 1]. The Complaint asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA") and a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"). [*See id.*] On October 30, 2025, the Court ordered Plaintiff to show cause why the Court should exercise supplemental jurisdiction over his state law claim by November 7, 2025. [*See* "OSC," Dkt. No. 10]. Plaintiff filed a response on November 7, 2025. ["Response," Dkt. No. 11].

In the OSC, the Court specifically ordered Plaintiff and Plaintiff's counsel to "support their responses to this Order with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a 'high-frequency litigant' as provided by California Civil Procedure Code sections 425.55(b)(1) & (2)." It warned Plaintiff that "failure to timely or *adequately* respond to this Order may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the Unruh Act claim and related state claims and dismissing the claim pursuant to 28 U.S.C. § 1367(c)." [*Id.* at 2 (emphasis added)].

Though the Court's OSC was very clear about what was required in the declarations, Plaintiff failed to file a declaration in accordance with the Court's order. [*See* Dkt. No. 11-1]. Specifically, Plaintiff completely failed to address whether he is a high-frequency litigant as defined under California law. [*Id.*] Further, Plaintiff's counsel, Peter Strojnik, filed a declaration claiming not to be a high-frequency litigant because in "the past twelve months, I have represented two plaintiffs who have alleged construction accessibility barriers through the filing of federal complaints." [Dkt. No. 1-2].

While the Court is sometimes willing to look past a litigant's oversights and errors, the utter disregard for this Court's orders shown by Plaintiff and Plaintiff's counsel warrants dismissal.

First, Strojnik's assertion that he is not a high-frequency litigant is called into question by PACER records[1] in this District. An attorney is deemed a "high-frequency litigant" if he has "represented as attorney of record 10 or more high-frequency litigant plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation," with certain cases excluded depending on their outcome. Cal. Civ. Proc. Code § 425.55(b)(2). PACER records reflect that Strojnik has been attorney of record in 49 resolved cases preceding this action. Additionally, Strojnik is the attorney of record in 28 open cases, of which 13 include filings on behalf of Plaintiff. By the Court's count, Strojnik has represented Plaintiff and another plaintiff, Theresa Brooke, in at least 10 actions that were resolved within 12 months of the filing of this action. Therefore, it appears that Strojnik has, as California law requires, "represented as attorney of record 10 or more high-frequency litigant plaintiffs" in the relevant time period. To conclude that Strojnik is not a high-frequency litigant, the Court would have to interpret California law to mean that an attorney must "represent[ ] as attorney of record 10 or more [*different*] high-frequency litigant plaintiffs." An attorney would, therefore, need to resolve over 100 cases within a twelve-month period—a threshold that seems nearly impossible to surpass. The Court, however, need not

---

[1] A court may judicially notice court documents that are already in the public record or have been filed in other courts, regardless of whether a party seeks judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also* Fed. R. Evid. 201(c)(1) (authorizing courts to act *sua sponte* in taking judicial notice); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (public records are subject to judicial notice).

decide this novel question of statutory interpretation because doing so would run counter to the *Gibbs* values. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). As the Ninth Circuit has held, "[f]orcing . . . district court[s] to determine" threshold high-frequency-litigant questions "would itself run afoul of the *Gibbs* values— especially comity." *Vo v. Choi*, 49 F.4th 1167, 1173–74 (9th Cir. 2022) (citation omitted).

Second, Plaintiff and Strojnik have filed five virtually identical actions in October, which were assigned to this Court. *See Fernando Gastelum v. Bhavna B. Bhakta et al.*, EDCV 25-2739-SSS-PD; *Fernando Gastelum v. HKCC Hospitality LLC*, EDCV 25-2746-SSS-MBK; *Fernando Gastelum et al v. Big Sky Investment Hospitality Inc.*, EDCV 25-2741-SSS-AJR; *Fernando Gastelum v. J.K.B. Brothers Inc.*, EDCV 25-2749-SSS-SSC; *Fernando Gastelum v. J and S Hospitality Inc.*, EDCV 25-2750-SSS-PD. In each case, Plaintiff failed to file a declaration in accordance with the Court's orders.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Wolff v. California*, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order).

The Court need not explicitly weigh these factors, but has carefully considered them and finds that dismissal of the action is the only appropriate sanction. *See Ghazali*, 46 F.3d at 53–54. The Court does not order litigants to file specific documents for no purpose. It has given Plaintiff and Plaintiff's counsel notice of the need to follow its orders and the potential consequences of not following them. It is reasonably apparent at this point that either Plaintiff is not reading this Court's orders, or Plaintiff is actively refusing to follow them. In either instance, he has failed to follow this Court's orders five times without explanation. Given that there is a strong likelihood that this Court will preside over future actions filed by Plaintiff and Plaintiff's counsel, dismissal is the only sanction that will adequately deter Plaintiff and Plaintiff's counsel from engaging in further reckless disregard of this Court's orders in this case and any future cases.

Accordingly, the Court **DISMISSES** Plaintiff's action without prejudice and **DIRECTS** the Clerk to close the case.  (JS-6)

**IT IS SO ORDERED**.